UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 2:23-cr-24-TPB-KCD-2

DIANE DURBON and
BRITTANY LUKASIK

18 U.S.C. § 1349
26 U.S.C. § 7206(1)

FILED
2023 FEB 24 PM 1:38
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

# INFORMATION

The United States Attorney charges:

## COUNT ONE
## (Conspiracy to Commit Wire Fraud)

### A. Introduction

At all times material to this Information:

1. DIANE DURBON ("DURBON") was a resident of the Middle District of Florida ("MDFL") and was BRITTANY LUKASIK's ("LUKASIK") mother.

2. LUKASIK was a resident of the MDFL and was DURBON's daughter. LUKASIK was a registered nurse. Beginning in or around 2016, through in or around March 2020, DURBON and LUKASIK were caretakers for T.H., the elderly victim.

T.H.'s Banking, Investment, and Annuity Accounts

3. T.H. controlled and maintained the following banking,

investment and annuity accounts:

a. Checking and savings accounts at Wells Fargo Bank. T.H. was the sole signatory on the accounts.

b. An investment account at Vanguard with various stock and index investment funds. T.H. was the sole signatory on the investment account.

c. An annuity policy at TransAmerica Life Insurance. T.H. was the sole signatory on the annuity policy.

LUKASIK's Bank Accounts

4. LUKASIK controlled and maintained the following financial accounts:

a. A checking account ending in -2522 at Bank of America in the name of "Brittany J. Lukasik" ("BOA account ending in -2522"), with LUKASIK as the sole signatory;

b. A checking account ending in -5919 at Suncoast Credit Union in the name of "Brittany J. Lukasik" ("SCU account ending in -5919") with LUKASIK as the sole signatory;

**B. The Conspiracy**

5. Beginning on an unknown date, but no later than in or around October 2017, and continuing through and including the date of this

Information, in the Middle District of Florida, and elsewhere, the defendants,

DIANE DURBON and
BRITTANY LUKASIK,

did knowingly and willfully combine, conspire, confederate, and agree with one another to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C. Manner and Means of the Conspiracy

6. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a. It was part of the conspiracy that the conspirators, while being T.H.'s caretakers, would and did engage in a scheme to unlawfully access T.H.'s banking, investment, and annuity accounts for their own personal enrichment.

b. It was further part of the conspiracy that the conspirators would and did unlawfully access T.H.'s Vanguard investment account and TransAmerica annuity policy by making telephone calls, which were wire communications transmitted in interstate and foreign commerce, to Vanguard and TransAmerica account personnel located outside of the state of Florida.

c. It was further part of the conspiracy that conspirators would and did have T.H. read from scripts the conspirators created that contained the answers to account security questions asked by Vanguard and

TransAmerica account personnel to unlawfully gain access to T.H.'s accounts.

d. It was further part of the conspiracy that, after unlawfully gaining access to T.H.'s account, the conspirator would and did make and cause to be made false and fraudulent representations to Vanguard and TransAmerica that T.H. wanted to withdraw funds from her Vanguard investment account and surrender and cash out her TransAmerica annuity policy.

e. It was further part of the conspiracy that the conspirators would and did deposit and cause to be deposited a $244,521.09 check from TransAmerica, which was the value of T.H.'s annuity policy, into one of T.H.'s Wells Fargo checking accounts.

f. It was further part of the conspiracy that the conspirators would and did unlawfully obtain the TransAmerica funds and Vanguard investment funds by issuing and causing to be issued checks to LUKASIK from T.H.'s Vanguard Prime Money Market Account and T.H.'s Wells Fargo checking account that purported to be signed by T.H.

g. It was further part of the conspiracy that the conspirators would and did deposit and cause to be deposited more than $542,000 in unlawfully obtained funds that belonged to T.H. into LUKASIK's BOA account ending in -2522 and SCU account ending in -5919.

h. It was further part of the conspiracy that the conspirators would and did use the unlawfully obtained funds and cause the unlawfully obtained funds to be used for the purchase of a 2018 Nissan Rogue, real property in Cape Coral, remodeling and construction costs, furniture, electronics, student loan payments, credit card payments, and car loan debts.

i. It was further part of the conspiracy that conspirators would and did perform acts and make statements to promote and achieve the objects of the conspiracy and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

In violation of 18 U.S.C. § 1349.

## COUNT TWO
## (Filing a False Tax Return)

### A. Introduction

1. Paragraphs 2 through 4 of Count One of this Information are realleged and incorporated by reference as if fully set forth herein.

2. On or about April 15, 2020, in the Middle District of Florida, and elsewhere, the defendant,

BRITTANY LUKASIK,

did willfully make and subscribe, and cause to be made and subscribed, a 2019 U.S. Individual Income Tax Return, which was verified by a written

declaration that it was made under penalties of perjury, and which she did not believe to be true and correct as to every material matter, in that the return was prepared and signed in the Middle District of Florida and was filed with the IRS, and reported her total income on line 7b of Form 1040 as $58,806, whereas, as she then and there well knew and believed her total income was greater than reported.

In violation of 26 U.S.C. § 7206(1).

**FORFEITURE**

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)C and 28 U.S.C. § 2461(c).

2. Upon conviction for conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, the defendants,

DIANE DURBON and
BRITTANY LUKASIK,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following:

a. an order of forfeiture in the amount of approximately

$542,760.23, which represents the proceeds obtained from the offenses;

b. a 2016 Nissan Rogue, VIN: JN8AT2MTXGW007917, registered to and owned by Brittany Lukasik;

c. a 2020 Kia Sorento, VIN: 5XYPG4A36LG669592, registered to and owned by Brittany Lukasik;

d. Real property located at 544/546 SE 5th Ave, Cape Coral, Florida 33990, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lots 7 & 8, Block 1143, Unit 23, CAPE CORAL SUBDIVISION, according to the plat thereof, as recorded in Plat Book 14, Page(s) 40 to 52, inclusive, in the Public Records of Lee County, Florida.

Parcel ID Number: 13-44-23-C3-01143.0070.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: ______________________
Trenton J. Reichling
Assistant United States Attorney

By: ______________________
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division